UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| ANATOLII BORODIN, | |
| Plaintiff, | **MEMORANDUM AND ORDER** |
| v. | |
| LOREN K. MILLER, Director, USCIS Nebraska Service Center, | 25-CV-02592 |
| Defendant. | |

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

Anatolii Borodin ("Plaintiff") commenced this action against Defendant Loren K. Miller, Director of USCIS Nebraska Service Center, in her official capacity, asserting a claim for violation of the Administrative Procedure Act ("APA"). (Compl., ECF No. 1)  By motion dated May 9, 2025, Plaintiff seeks the entry of a Temporary Restraining Order ("TRO") to: enjoin Defendant from treating Plaintiff as being unlawfully present in the United States or initiating removal proceedings against Plaintiff; compel Defendant to reopen or reinstate Plaintiff's Form I-485 application as pending; allow the transferal of the basis underlying his Form I-485 application to his new self-petitioned Form I-140 petition, filed October 13, 2023; and toll any accrual of unlawful presence as to Plaintiff and permit Plaintiff to continue receiving adjustment-related benefits. (Mot. TRO and Prelim. Inj., at 1–2, ECF No. 2.) For the reasons set forth below, Plaintiff's motion for a TRO is DENIED.

A preliminary injunction is an extraordinary and drastic remedy and should be granted only where the moving party establishes (1) a likelihood of success on the merits, (2) a likelihood that it will suffer irreparable harm if a preliminary injunction is not granted, (3) that the balance of hardships tips in its favor, and (4) that the public interest is not disserved by relief.

*JBR, Inc. v. Keurig Green Mtn., Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015). The standard for the issuance of a TRO is essentially the same. *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). However, unlike preliminary injunctions, "TROs ... are characteristically issued in haste, in emergency circumstances, to forestall irreparable harm." *Romer v. Green Point Sav. Bank*, 27 F.3d 12, 16 (2d Cir. 1994). Not surprisingly, then, a plaintiff's "[d]elay in seeking enforcement of [its] rights ... tends to indicate at least a reduced need for such drastic, speedy action." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985); *see also Majorica, S.A. v. R.H. Macy & Co., Inc.*, 762 F.2d 7, 8 (2d Cir. 1985) ("Lack of diligence, standing alone, may ... preclude the granting of preliminary injunctive relief, because it goes primarily to the issue of irreparable harm."). So is the case here.

According to Plainitff, his motion for a TRO "arises because USCIS denied [his] I-485 [application] on August 22, 2024, without ever providing him with the required notice." (Mot. TRO and Prelim. Inj., at 1.) As a result, Plaintiff maintains that he was "deprived of his statutory and regulatory right to seek reopening or transfer the basis of the application to his new self-petitioned I-140 [petition]." (*Id.*) The Court need not reach the merits of Plaintiff's claim at this time as it was defeated by his own failure to act. That is, Plaintiff alleges that he discovered in October or November 2024 that his Form I-485 application had been denied. (Compl. ¶ 17.) In other words, the facts giving rise to this motion arose, at the latest, November of 2024. However, Plaintiff waited until May of 2025 to seek emergency relief. (Mot. TRO and Prelim. Inj., ECF No. 2.) By the Court's count, that is no less than six months after discovering his Form I-485 had been denied. (*See* Compl. ¶ 17.) Plainitff can hardly maintain that he requires emergency relief—and indeed would be irreparably harmed without it—when he demonstrated a complete lack of diligence in pursuing such relief. This dilatory conduct, alone, is a basis to

deny Plaintiff's request for a TRO. The Court's confidence in this conclusion is buttressed by Plaintiff's conduct since the filing of the complaint and motion for a TRO. As an initial matter, Plaintiff failed to properly serve Defendant, prompting the Court to reschedule a hearing on the matter from May 16, 2025 to May 22, 2025, and then to May 29, 2025. And then, just one hour before the May 29th, rescheduled hearing, Plaintiff filed a motion requesting a "brief adjournment," maintaining that counsel was "outside the United States and [could not] appear in person today." (Pl.'s Mot. Adjournment, ECF No. 11.) The Court has no doubt that counsel was not whisked out of the country without notice on the same day of the hearing. Rather, Plaintiff has treated this matter as the non-emergency it is.

Plaintiff's motion for adjournment is granted. But, Plaintiff's motion for a TRO is denied. The Court reserves determination on the motion for Preliminary Injunction.

SO ORDERED.

Dated: Brooklyn, New York  
      May 29, 2025

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

3